# H. HACKFELD & COMPANY, LIMITED, *v.* K. YAMA-MOTO.

## EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

### HON. W. L. WHITNEY, JUDGE.

ARGUED FEBRUARY 8, 1915.          DECIDED FEBRUARY 16, 1915.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

APPEAL AND ERROR—*evidence to support findings.*

> A finding by the trial court that certain goods had been sold to and upon the credit of a partnership, which was based upon the direct testimony of a witness to that effect, ought not to be set aside as being against the evidence merely because it appeared that the account had been kept on the plaintiff's books in the individual name of one partner and the goods were billed and shipped in that name.

PARTNERSHIP—*limitation upon authority of partner.*

> Restrictions on a partner's authority do not affect third persons who deal with the firm without notice of them.

### OPINION OF THE COURT BY ROBERTSON, C.J.

The defendant appealed to the circuit court, jury waived, from a judgment entered against him in the district court of Honolulu in an action of assumpsit for goods sold and delivered. Trial in the circuit court resulted in a judgment for the plaintiff, and the case is here upon the defendant's exceptions to the decision and judgment as being contrary to the law and the evidence and to certain rulings relating to the admission of evidence introduced by the plaintiff.

The complaint alleged that "the plaintiff did deliver to the defendant certain goods, wares and merchandise at his, said defendant's, special instance and request," as shown by sworn statement attached, the unpaid balance of account being $186.83. The statement attached to the complaint contained items covering a period from June to December 1913. At the trial the defendant admitted that "the goods, wares and mer-

chandise described in the complaint herein were, on the dates set out in the schedule thereto attached, sold to C. H. Eichler and delivered to C. H. Eichler (at) the said Castner Boarding House, the agreed price thereof being the sum of $186.83, as alleged in the complaint herein." A written agreement of partnership between the defendant and Eichler was filed in evidence. It was dated April 25, 1912, and provided for the carrying on of a boarding house business at Castner station, Schofield Barracks, and the parties agreed "to start" a cigar store and billiard parlor. The parties also agreed to provide capital in equal shares; Eichler was to manage the boarding house, and was to send "all orders" to Yamamoto who was to do the buying without commission. The goods in question were purchased of the plaintiff in Honolulu, and there was evidence to the effect that they were of a character such as would be used in a restaurant and cigar store, and that they were sent by railroad consigned to Eichler at Castner station. It further appeared in evidence that the goods were charged upon the books of the plaintiff to C. H. Eichler and were billed in his name; that the defendant did not know that Eichler had made the purchases; that Eichler had died, and no demand had been made on the defendant with reference to the payment of the account until some months after his death. An employee of the plaintiff testified that when Eichler arranged for the opening of the account he stated that he was in partnership with Yamamoto in the boarding house business; that that had been confirmed by the defendant himself; and that the goods were shipped "to the boarding house account." The court below found that the goods "were purchased for and on behalf of the copartnership existing between the defendant K. Yamamoto and C. H. Eichler, that said purchases were within the scope of the partnership so existing and that the credit given by the plaintiff herein was given to said copartnership and not to Eichler as an individual," and that the "purchases were purchases by the copartnership and the delivery was to the copartnership." Counsel for the

defendant contends that the evidence did not support the finding of a sale to the partnership inasmuch as the proofs showed that the goods had been charged and billed in the name of C. H. Eichler. Those circumstances were open to explanation, however, and there was sufficient evidence in the case to warrant the court in finding as it did. On the assumption that the evidence showed only a sale to Eichler individually it is urged that the evidence did not support the allegation of a sale and delivery to the defendant. The point would have been well taken if the evidence was as claimed, but the fact was found otherwise by the trial court. The partnership not having been registered in accordance with the statute the defendant was individually liable for all the debts of the firm. R. L. Sec. 2658. The defendant was also severally liable as a surviving partner, and counsel makes no contention that the allegation of the complaint would not be supported by proof of liability on the part of the defendant as the surviving partner of the firm. There was no evidence that the plaintiff had notice of the provision in the partnership agreement that all the buying was to be done by Yamamoto. It is immaterial, therefore, that the goods in question were purchased by Eichler and without the defendant's knowledge. Restrictions on a partner's authority do not affect third persons who deal with the firm without notice of them for the implied power of a partner is determined by the apparent scope of the partnership business. 30 Cyc. 481; *Kimbro* v. *Bullitt,* 22 How. 256, 266. The claim that the decision and judgment were against the law and the evidence is not sustained.

The evidence of a witness who, shortly before Eichler's death, had made an inventory of the stock on hand was properly admitted as part of the plaintiff's case as tending to show that the goods in question were such as were used in the business and that, therefore, the purchases were within the scope of the business of the partnership. And the testimony as to the statement made to Hackfeld & Company by Eichler that he was a partner with the defendant in the Castner Boarding

House was admissible in connection with the point that although the account on the books of the plaintiff was in the name of Eichler the credit had in fact been extended to the partnership.

The exceptions are overruled.

*W. B. Lymer* (*Thompson, Wilder, Milverton & Lymer* on the brief) for plaintiff.

*Lorrin Andrews* for defendant.

---

### CONCURRING OPINION OF QUARLES, J.

I concur in the conclusion in this case, but in doing so do not desire to be considered as regarding the evidence upon which the findings of the trial court is based as being within the issues made by the pleadings. In my opinion the complaint should have alleged the partnership, the survival of the defendant, and a sale and delivery to the partnership. However, the failure of the defendant to raise this question, and his stipulation of the facts shown by the record, may be treated, after judgment, as curing the failure to allege the partnership, sale and delivery thereto, and survival of the defendant; and, as having waived the question.

The defendant contends that the evidence does not show a delivery of the goods sold by plaintiff to the partnership, and therefore the judgment is against law and the evidence. In my opinion the circumstances proven by the evidence are sufficient to justify, in the absence of evidence to the contrary, the finding that the goods were sold and delivered to the partnership. The partnership had one business, and one place of business, a boarding house at Castner; the goods were shipped to Eichler at Castner; there is no evidence tending to show that Eichler was interested in any other business, or used the goods for his own personal benefit.